**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000380
28-APR-2021
07:49 AM
Dkt. 17 SO**

NO. CAAP-17-0000383
(Consolidated with No. CAAP-17-0000380)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-17-0000383**
STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOAQUIN AYRES, JR., Defendant-Appellant


and


**CAAP-17-0000380**
STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOAQUIN AYRES, JR., Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DTC-16-001442)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Nakasone, JJ.)

In this consolidated appeal,[1] Defendant-Appellant,
Joaquin Ayres, Jr. (**Ayres**), appeals from the April 27, 2017
Judgment and Notice of Entry of Judgment entered by the District
Court of the Fifth Circuit (**District Court**).[2]  Following a jury-
waived trial, the District Court convicted Ayres of Driving
Without a Valid Driver's License (**DWOL**) in violation of Hawaii
Revised Statutes (**HRS**) § 286-102 (2007 & Supp. 2015).[3]

---

[1]     Ayres filed a Notice of Appeal on May 3, 2017 in CAAP-17-0000380
as a self-represented party.  Later the same day, Ayres' court-appointed
counsel also filed a Notice of Appeal in CAAP-17-0000383.  This court
consolidated the appeals under CAAP-17-0000383.

[2]     The Honorable Michael K. Soong presided.

[3]     HRS § 286-102(a) provides that no person "shall operate any
category of motor vehicles listed in this section without first being
(continued...)

On appeal, Ayres contends that the District Court erred by (1) failing to hold a voluntariness hearing on Ayres' "inability to produce a driver's license in response to the officer's request, as this error was not harmless" as Ayres was "under arrest;" (2) improperly allowing the officer to testify about his refreshed recollection of Ayres' social security number "where the *voir dire* suggested that he had no recollection but, instead, was just reading off the document;" and (3) there was insufficient admissible evidence to convict Ayres of DWOL.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Ayres' points of error as follows, and affirm.

The following facts were adduced at the April 27, 2017 trial on Plaintiff-Appellee State of Hawaiʻi's (**State**) Amended Complaint[4] charging Ayres with misdemeanor DWOL as a repeat offense under HRS §§ 286-102 and 286-136(b) (2007),[5] for having "two or more prior convictions in the preceding five-year period." Kauaʻi Police Department (**KPD**) Officer Macy Telles (**Officer Telles**) testified that on January 29, 2016, he drove past someone he recognized as Ayres, who was sitting in his motor vehicle parked on Niumalu Road, County of Kauaʻi. Officer Telles observed Ayres pull out and drive along Niumalu Road in the opposite direction, whereupon Officer Telles contacted KPD dispatch for a driver's license check on Ayres. Officer Telles

---

[3](...continued) appropriately examined and duly licensed as a qualified driver of that category of motor vehicles."

[4]     The second charge for having no motor vehicle insurance, in violation of HRS § 431:10C-104(a), was dismissed with prejudice at trial.

[5]     HRS § 286-136(b) provides in relevant part:

> (b) Any person who is convicted of violating section 286-102 . . . shall be subject to a minimum fine of $500 and a maximum fine of $1,000, or imprisoned not more than one year, or both, if the person has two or more prior convictions for the same offense in the preceding five-year period.

was already familiar that Ayres may not have a driver's license. Dispatch confirmed that Ayres did not have a license. Officer Telles followed Ayres, saw Ayres park at a private home and stand outside the driver's side door of his vehicle. Officer Telles parked, called Ayres over to him and asked Ayres to produce a driver's license, motor vehicle registration, and proof of motor vehicle insurance. When Ayres was unable to produce any of the documents, Officer Telles issued Ayres citations for DWOL and for not having insurance. Officer Telles obtained from Ayres his date of birth, the last four digits of his social security number, and the officer noted them on the citation.

When questioned about Ayres' date of birth, Officer Telles needed the citation to refresh his recollection. When Officer Telles needed to refresh his recollection a second time to confirm Ayres' last four social security number digits, Ayres objected to Officer Telles' recollection as not being refreshed because he was reading from the citation. After Officer Telles' examination was concluded, Ayres also "object[ed] to anything that might be deemed a confession by Mr. Ayres because there's not been a voluntariness hearing." These objections were overruled.

The District Court received into evidence State's Exhibit P1 under seal, which contained an affidavit and driver's license record for "AYRES JOAQUIN COSTA JR" on file with the County of Kaua'i, Driver License Section; Exhibits P3 and P4 which consisted of a DWOL citation and certified judgment of DWOL conviction in 5DTC-13-002287; and Exhibits P5 and P6, which consisted of a DWOL citation and certified judgment of DWOL conviction in 5DTC-14-002825.

The District Court found Ayres guilty of DWOL but concluded that the State did not prove two prior DWOL convictions for purposes of sentencing Ayres for a misdemeanor, as a repeat DWOL offender. Ayres was sentenced for DWOL as a petty misdemeanor, to 30 days in jail, a $7 Driver's Education fee and a $30 Criminal Injury fee. Ayres was ordered to serve his jail sentence concurrently with another 30-day jail sentence imposed

3

for a separate criminal contempt of court offense that is not a part of this appeal.  Ayres timely appealed the DWOL conviction.

### A Voluntariness Hearing was Not Required

Ayres contends that the District Court erred by not holding a voluntariness hearing on Ayres' "inability to produce" a license and this error "was not harmless" because Ayres was "under arrest."[6]  Ayres argues that the inability to produce his driver's license, motor vehicle registration, and proof of motor vehicle insurance in response to Officer Telles' request was a confession pursuant to HRS § 621-26 (2016), which required a voluntariness hearing at trial.  This contention is without merit.

HRS § 621-26 provides that "[n]o confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntarily made."  Preliminarily, we note that Ayres did not timely raise an objection to the lack of a voluntariness determination.  At the point Officer Telles gave the testimony that Ayres now claims as error, Ayres did not object.[7]  See Hawaiʻi Rules of Evidence (**HRE**) Rule 103(a)(1) (requiring timely objection and specific ground of objection); State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) ("Generally, the

---

[6]     Ayres was cited, not arrested.  Ayres' contention that Ayres was "under arrest" is inaccurate.

[7]     The trial transcript reflects the following:

> Q. [(BY PROSECUTOR)]  What documents did you ask him to produce.
>
> A. [(BY OFFICER TELLES)]  His driver's license, registration and insurance.
>
> Q.  Okay.  Was he able to produce a driver's license.
>
> A.  No.
>
> Q.  And did you check on the status of his driver's license.
>
> A.  I had prior, yes.

Ayres did not object.

4

failure to properly raise an issue at trial precludes a party from raising that issue on appeal."). Following this direct examination testimony, Ayres conducted cross-examination of Officer Telles, the State conducted redirect examination, and Ayres waived re-cross examination. When Officer Telles was permitted by the District Court to step down, only then did Ayres raise an objection to the "voluntariness of certain statements" which Ayres' counsel even acknowledged he "may have waived[.]"[8] Thus, the voluntariness objection was waived.

Assuming *arguendo* that Ayres preserved a voluntariness objection, Ayres' *conduct* in not being able to produce the requested documents is not a statement or confession that triggers the application of HRS § 621-26. Officer Telles testified that he asked Ayres to produce a license, registration, and insurance documents, and that Ayres was unable to produce any. He did not testify as to what Ayres *said* in response to the request to produce documents. The District Court overruled the objections, saying: "[t]hat's not a statement." The District Court did not err in concluding that on this record, there was no

---

[8]     The trial transcript reflects the following:

      [DEFENSE COUNSEL]: No recross.

      THE COURT: Officer Telles, you can step down and wait outside.

      [DEFENSE COUNSEL]: Briefly, you Honor, before he leaves, I'm not sure that -- I'm not sure that certain statements

-- I wonder if I should have objected, and I waived that at this point, to the voluntariness of certain statements that Mr. Ayers [sic] made at the time as it was described by the officer. I would just object -- perhaps, it's too late, but I would object to anything that might be deemed a confession by Mr. Ayers [sic] because there's not been a voluntariness hearing.

      THE COURT: Can you be specific?

      [DEFENSE COUNSEL]: I believe that there was -- that Officer Telles testified that Mr. Ayers [sic] was unable to provide his registration or license or insurance.

      THE COURT: That's not a statement. I don't remember testimony as to any statement.

5

statement by Ayres.  See State v. Ortiz, 91 Hawai‘i 181, 189, 981 P.2d 1127, 1135 (1999) (right/wrong standard of review applies for evidentiary ruling where there can only be one correct result).  Because there was no statement or confession, a voluntariness hearing under HRS § 621-26 was not required.

### The Record Reflects that the Officer's Recollection was Refreshed

Ayres contends that the District Court erroneously allowed Officer Telles "to testify about his refreshed recollection" of Ayres' social security number where the "*voir dire* suggested that he had no recollection" and was just reading from the document.  This contention is without merit.

Officer Telles testified about issuing a citation to Ayres and that he took down Ayres' last four digits of his social security number, but that he did not memorize it and the citation would refresh his memory.[9]  Following Ayres' *voir dire* examination when Officer Telles stated that he did not generally remember the social security number of the person he cited, Ayres objected to the use of the citation to refresh the officer's recollection, which was overruled.  Ayres objected again, stating:  "I don't believe that there's a credible showing that this is refreshing his recollection.  I believe he'll just be reading off the document."  The Court again overruled the objection, and the officer testified as follows:

> Q.    [(BY PROSECUTOR)] All right.  Officer Telles,

---

[9]     The trial transcript reflects the following:

Q.    [(BY PROSECUTOR)]  Okay.  And did you also take down the last four of his Social.

A.    [(BY OFFICER TELLES)]  Yes.

Q.    And what was the last four digits of his Social.

A.    I would have to look at that document again.  I didn't memorize it.

Q.    And would you [sic] would the citation refresh your recollection.

A.    Yes.

> <u>is your memory refreshed</u>.
>
> A.    <u>Yes</u>.
>
> Q.    What were the last four digits of the defendant's Social Security number.
>
> A.    [XXXX].

(emphasis added).

To support his contention, Ayres relies on <u>State v. Dibenedetto</u>, 80 Hawaiʻi 138, 144, 906 P.2d 624, 630 (App. 1995), which held that a police officer's testimony relating to a field sobriety test should have been stricken because he did not have a "present recollection" of the test at the time he testified, and had testified "based on what he had recently read in his report." In <u>Dibenedetto</u>, the defense established through its questioning that the police officer was "[w]ithout memory of what actually happened" and that the officer only had a memory of his recent review of his report. <u>Id.</u> at 141, 906 P.2d at 627. No similar showing was made in this case, and <u>Dibenedetto</u> is inapposite.

HRE Rule 612[10] permits a witness to use a writing to refresh his or her recollection. "[W]hen a writing is used to refresh a witness's recollection, the witness should testify from 'a memory thus revived,' resulting in testimony from present recollection, not a memory of the writing itself." <u>State v. Ferrer</u>, 95 Hawaiʻi 409, 432-33, 23 P.3d 744, 767-78 (App. 2001) (quoting <u>Dibenedetto</u>, 80 Hawaiʻi at 144, 906 P.2d at 630) (internal citation omitted)). In <u>Ferrer</u>, the record showed that

---

[10]    HRE Rule 612 provides:

If a witness uses a writing to refresh the witness' memory for the purpose of testifying, either:

   (1) While testifying, or

   (2) Before testifying, if the court in its discretion determines it is necessary in the interests of justice,

an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

the officer who administered the intoxilyzer test did have a memory that the result "was over .08" but could not recall the "exact number" of the test result, and needed his report to refresh his memory. Id. at 433, 23 P.3d at 778. The Ferrer court found that:

> when Officer Chock could not remember the exact reading of Defendant's Intoxilyzer test result, which, given the passage of time, was understandable, it was proper under HRE Rule 612 for the State to allow Officer Chock to review the report of Defendant's Intoxilyzer test and refresh his present recollection as to Defendant's exact score on the test.

Id. In this case, as in Ferrer, the record shows that Officer Telles testified from "a memory thus revived," resulting in testimony from his present recollection and not a memory of the citation itself. Id. at 432, 23 P.3d at 767.

"[A]fter reviewing a writing while testifying, testimony of the witness laying a foundation that the witness's memory has actually been refreshed after reviewing the writing is required before the witness's testimony can be admitted under HRE Rule 612." State v. Wakamoto, 143 Hawai'i 443, 452, 431 P.3d 816, 825 (2018). In Wakamoto, the supreme court found that proper foundation was not laid for a police officer's continued testimony regarding a field sobriety test on grounds that the officer's recollection had been refreshed, because the trial court did not require that the officer be asked whether his recollection had been refreshed after the defense raised an HRE Rule 612 objection. Id. at 453, 431 P.3d at 826. In this case, the record reflects that the State laid proper foundation that Officer Telles' memory was actually refreshed before the officer testified to the last four digits of the social security number. See id.

Ayres' argument that the refreshing of Officer Telles' recollection would not be a "credible showing" because the officer would "just be reading off the document" is a credibility challenge that the officer should not be believed despite the officer's testimony that his memory was refreshed. "[I]t is well-settled that an appellate court will not pass upon issues

8

dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact," and "the trier of fact may accept or reject any witness's testimony in whole or in part."  State v. Paris, 138 Hawaiʻi 254, 267, 378 P.3d 970, 983 (2016) (brackets and citations omitted).  Whether the District Court credited Officer Telles' testimony as establishing the necessary foundation for a refreshed recollection, or not, was within the province of the District Court as the factfinder.  On this record, we conclude that the District Court did not err in admitting the testimony of Officer Telles' refreshed recollection of Ayres' social security number.  See Wakamoto, 143 Hawaiʻi at 450, 431 P.3d at 823 (applying "right/wrong" standard in determining admissibility of evidence under HRE Rule 612).

### There was Sufficient Evidence to Convict Ayres of DWOL

Ayres contends that there was insufficient admissible evidence to convict Ayres of DWOL because Ayres' "confession and evidence of [his] social security number and date of birth were not properly in evidence."[11]  As we have rejected these points of

---

[11]    Ayres' argument regarding his date of birth being erroneously admitted in evidence was not preserved.  This contention was not raised in any point of error, as required under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).  Nor has Ayres identified where in the record the alleged error occurred or was objected to, under the rule.  See HRAP Rule 28(b)(4)(ii) and (iii).  The record actually reflects that no objection was raised as to the date of birth evidence, as follows:

> Q. [(BY PROSECUTOR)] And did you note Joaquin Ayers' date of birth on the citation.
>
> A. [(OFFICER TELLES)] Yeah, I wrote it. I don't know offhand what --
>
> Q. Is there anything that would refresh your recollection as to whether or not you did.
>
> A. Yeah, if I seen the citation.
>
> Q. Okay.
>
> [PROSECUTOR]: Your Honor, I'm going to show Officer Telles, just to refresh his recollection, what is marked for identification as Exhibit P-7.

(continued...)

error <u>supra</u>, this contention is also without merit.

On appeal, "[e]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction[.]" <u>State v. Kalaola</u>, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010) (quoting <u>State v. Richie</u>, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (internal quotations and citation omitted)). "The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." <u>Id.</u> "'Substantial evidence' as to every material element

---

[11](...continued)

        THE COURT: Show to [defense counsel] first. Any objection, [defense counsel]?

        [DEFENSE COUNSEL]: Let me just check. I'm sure it's fine but -- looks like it's accurate. Yes, your Honor. No objection.

        [PROSECUTOR]: Your Honor, may I approach the witness?

        THE COURT: Yes.

BY [PROSECUTOR]:

        Q. Officer Telles, just take a look at this. Look over the document and after you had a chance to take a look at the document, look up at me.

        Officer Telles, is your memory refreshed as to whether or not you took down the defendant's date of birth.

        A. Yes.

        Q. What was the defendant's date of birth.

        A. [X/XX]/56.

        Q. Okay. And did you also take down the last four of his Social.

        A. Yes.

        Q. And what was the last four digits of his Social.

There was no objection to the date of birth testimony. Defense counsel subsequently conducted *voir dire* on the officer's recollection as to the social security number testimony, but not the date of birth testimony. Therefore, the objection to the date of birth testimony was not preserved, and we will not address it. <u>See</u> HRE Rule 103(a)(1); <u>Hoglund</u>, 71 Haw. at 150, 785 P.2d at 1313.

10

of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Richie, 88 Hawaiʻi at 33, 960 P.2d at 1241 (citation omitted).

In State v. Nishi, 9 Haw. App. 516, 528, 852 P.2d 476, 482, reconsideration granted, 9 Haw. App. 660, 853 P.2d 543 (1993), this court held that the prosecution must present evidence linking the defendant with a person by the same name in the traffic abstract in evidence.  The Nishi court concluded that the State "presented no evidence of Defendant's driver's license number or social security number or birth date that could be compared with information on the traffic abstract." Id. at 528, 852 P.2d at 482.  In this case, the prosecution against Ayres did not simply rest on the matching of Ayres' name to the name of the individual in Exhibit P1, the driver's license record; there was also evidence of the last four digits of Ayres' social security number and date of birth before the District Court.  These additional identifiers corresponded to the information in Exhibit P1.  Exhibit P1 established that Ayres did not have a valid driver's license, and his license was expired.  Viewing the evidence before the District Court in the light most favorable to the prosecution, there was substantial evidence to support the DWOL conviction against Ayres.  See Kalaola, 124 Hawaiʻi at 49, 237 P.3d at 1115.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment filed on April 27, 2017 in the District Court of the Fifth Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, April 28, 2021.

On the briefs:

Matthew Mannisto
(Law Office of Matthew
Mannisto)
for Defendant-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
County of Kauai
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

11