**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000566
30-JAN-2023
07:53 AM
Dkt. 214 MO**

NO. CAAP-18-0000566

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KYLE J. LIVINGSTON, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2SPP 17-0006)


MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)


Petitioner-Appellant Kyle Livingston (**Livingston**), appeals from the Findings of Fact (**FOFs**), Conclusions of Law (**COLs**), and Order filed and entered by the Circuit Court of the Second Circuit (**Circuit Court**) on May 31, 2018 (**Order**), dismissing Livingston's Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 Petition (**Second HRPP Rule 40 Petition**) without a hearing.[1]

On appeal, Livingston contends the Circuit Court erroneously dismissed: (1) Claim 6 because (a) Livingston's extended sentence was unconstitutional, and (b) there was insufficient evidence for the trial court[2] to impose the extended sentence (collectively, **extended sentencing argument**); (2) Claim 7 because there was insufficient evidence for the trial court to impose a mandatory minimum term of imprisonment as a repeat

_____

[1] The Honorable Rhonda I.L. Loo presided.

[2] The Honorable Artemio C. Baxa presided over the underlying trial and sentencing proceeding in Case No. 2PC980000181.

offender upon Livingston (**repeat offender sentencing argument**); (3) Claim 9 because (a) the jury instruction on the offense of second-degree sexual assault was deficient, and (b) the trial court erred in failing to instruct the jury regarding included offenses of sexual assault in the third and fourth degrees (collectively, **jury instructions argument**); and (4) Claim 10 because Livingston's counsel did not request that the jury be polled and because the cumulative errors require reversal.[3]

We hold that Livingston's new arguments on appeal challenging the repeat offender, extended term, and consecutive sentences he received are not precluded by waiver, but must still be properly raised before the Circuit Court. We vacate in part only as to these claims alleging illegal sentencing, and remand for Livingston to amend his petition to properly raise these claims before the Circuit Court.

## I. BACKGROUND

### 1998 Trial Court Proceedings

On March 30, 1998, the State charged Livingston with two counts of third-degree assault, two counts of first-degree sexual assault, one count of kidnapping, and one count of second-degree terroristic threatening (**Complaint**). Following a 1998 jury trial, Livingston was found guilty as charged of two counts of third-degree assault, the included offense of second-degree unlawful imprisonment, and two counts of the included offenses of second-degree sexual assault. He was found not guilty of second-degree terroristic threatening.

At the November 18, 1998 sentencing, the trial court heard arguments on Respondent-Appellee State of Hawaiʻi's (**State**)

---

[3] Livingston presented an argument regarding ineffective assistance of counsel for the first time in his Reply Brief, which was not raised below or in the Opening Brief. "Arguments raised for the first time in the reply brief on appeal are waived." State v. Sporik, No. CAAP-20-0000101, 2021 WL 2624646, at *1 n.5 (App. June 25, 2021) (SDO) (citing State v. Mark, 123 Hawaiʻi 205, 230, 983 P.3d 478, 503 (2010)); see Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(d) ("The reply brief shall be confined to matters presented in the answering brief."). "Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal." State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) (citation omitted). We do not address this argument.

motions for extended term sentencing under HRS § 706-662[4] and repeat offender sentencing under HRS § 706-606.5.[5]

---

[4] At the time of the offenses, the extended term sentencing statute, HRS §§ 706-662 (Supp. 1997) pertinently provided in subsections (1) and (4) as follows:

> **Criteria for extended terms of imprisonment.** A convicted defendant may be subject to an extended term of imprisonment under section 706-661, if the convicted defendant satisfies one or more of the following criteria:
>
> (1) The defendant is a persistent offender whose imprisonment for an extended term is necessary for protection of the public. The court shall not make this finding unless the defendant has previously been convicted of two felonies committed at different times when the defendant was eighteen years of age or older.
>
> . . . .
>
> (4) The defendant is a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public. The court shall not make this finding unless:
>
> > (a) The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for felony . . . .

(Emphases added).

The motion for extended term sentencing requested extended sentencing as a "persistent offender" under subsection (1) and as a "multiple offender" under subsection (4), on the basis that Livingston was previously convicted of two felonies at different times over the age of 18, and that Livingston was currently being sentenced for two Class B felonies of Sexual Assault in the Second Degree.

[5] At the time of the offenses, HRS § 706-606.5 (Supp. 1997) provided, in pertinent part:

> **Sentencing of repeat offenders.** (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted of . . . any felony conviction of another jurisdiction shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:
>
> (a) One prior felony conviction:
>
> > . . . .
> >
> > (iii) Where the instant conviction is for a class B felony-three years, four months
> > . . . .
>
> . . . .

(continued...)

With regard to the extended sentencing argument, the State informed the trial court that the maximum term was eight years for the prior out-of-state conviction, referring to its exhibits that included the California offense statute, and certified copies of California court documents. Livingston objected on the grounds of hearsay, lack of identification, and requested an evidentiary hearing.[6]

An evidentiary hearing was then had, in which the State presented evidence through Jess Lopez (**Lopez**), Livingston's parole officer in California, who testified as to the nature, date, and case number of Livingston's California convictions, authenticated State's Exhibit 3 (certified copy of the abstract

---

[5](...continued)

> (6) For purposes of this section:
>
> (a) Convictions under two or more counts of an indictment or complaint shall be considered a single conviction . . . .

The motion for repeat offender sentencing requested sentencing under subsection (1)(a)(iii) of HRS § 606-606.5, on the basis that Livingston was previously convicted in California of two counts of "Forcible Rape" on two separate women, and that the instant offense was committed within the maximum penalty of eight years pursuant to California Codes Sections 264.5 and the provisions of codes sections 1170-1170.95.

[6]     Defense counsel argued as follows:

> Your Honor, excuse me.  I would object to the Court accepting statements by counsel. They are hearsay -- accepting documents that have not been identified or testified to as fair and accurate records from California. I think what is required is the State put on an evidentiary hearing to prove you have prior convictions for purposes of mandatory minimum sentencing. I don't think the rules require the State of Hawaii to just narrate what it thinks it can prove. It needs to prove it beyond a reasonable doubt.
>
> . . . .
>
> Well, your Honor, is the Court assuming those documents are documents that involve a conviction that my client suffered in California, because I have not heard anything that identifies my client to those documents. I think that's why the rules require an evidentiary hearing to make identification that my client is the person that is being discussed here by documents in the State of Hawaii.

of the judgment), identified Livingston in the courtroom as his parolee, testified that Livingston was over eighteen at the time of the convictions, and testified as to the date Livingston's parole ended. The State introduced the records from Livingston's California case into evidence, as Exhibits S-1, S-2, S-3, and S-4. The trial court received the State's exhibits into evidence over Livingston's "lack of foundation" objection.[7]

Thereafter, the trial court took judicial notice of, among other things, Exhibit S-1 being a complaint against Livingston, containing charges arising from acts against two different women, and Exhibit S-4 being a no contest plea dated November 30, 1992, detailing the acts and dates of the crimes against the two women, and establishing that Livingston was represented by counsel in the California case. The trial court granted the State's request for repeat offender sentencing under HRS § 706-606.5(1)(a)(iii), finding that Livingston qualified for a mandatory minimum term of imprisonment of three years, four months based on one prior conviction and the two class B felony convictions for second-degree sexual assault.

Next, the trial court addressed the State's motion for extended terms sentencing under HRS § 706-662. In opposition, Livingston argued that there was no evidence that he had two prior felony convictions, and that Livingston only had "one

---

[7] The transcript reflects that Livingston's trial counsel did not specify what foundation was lacking and did not cross-examine Livingston's parole officer:

> [PROSECUTOR]: Thank you, your Honor. At this time I offer State's S-1, S-2, S-3 and S-4 into evidence, they being certified copies of public documents in Case Number C97550, County of Orange, State of California.

> [DEFENSE COUNSEL]: For the record, Judge, I object, lack of foundation.

> THE COURT: Objection overruled.

> [PROSECUTOR]: Thank you, your Honor. I tender the witness at this point.

> [DEFENSE COUNSEL]: No questions.

conviction in 1992, albeit against two complainants . . . ."  The trial court agreed with the State's distinction between the definition of prior "conviction" under the repeat offender provision, HRS § 706-606.5(6)(a) (providing that multiple counts in a single complaint are considered a single prior conviction), and the extended term provision, HRS § 706-662(1) (providing that prior conviction means "two felonies committed at different times").  The trial court determined that for purposes of HRS § 706-662(1), "[t]here is no question here [that Livingston] has previously been convicted of two felonies committed at different times when he was eighteen years of age or older as shown by the documents admitted in evidence."  The trial court found that Livingston qualified as a persistent and multiple offender under HRS § 706-662 (1) and (4), and that  extended term sentencing was necessary to protect the public.[8]

---

[8]     The Circuit Court made the following oral findings regarding extended sentencing under HRS § 706-662(1) and (4):

> THE COURT:  On this extended request the Court is going to find the Defendant here qualifies as a persistent offender under 706-992(1) [*sic*], as well as under (4) as a multiple offender, so the Court finds the Defendant is a persistent offender whose commitment for extended term is necessary for protection of the public. There is no question here Defendant has previously been convicted of two felonies committed at different times when he was eighteen years of age or older as shown by the documents admitted in evidence.
>
> Also, the Defendant is a multiple offender under (4). Defendant is a multiple offender whose criminality was so extensive that a sentence of imprisonment for an extended term is warranted. There is no question the Defendant here is being sentenced for two former felonies, or is already under sentence of imprisonment for a felony.
>
> As a further finding of the Court, the Court finds that he is a persistent offender by virtue of the fact he is now being sentenced for two counts of sexual assault in the second degree, and because Defendant was also prior to the date of the offenses herein a registered sex offender, having previously been convicted of two counts of forcible rape, one assault, one assault with intent to commit rape, assault with a deadly weapon, burglary in the first degree or being felony offenses in case number C97550 in the Superior Court of California, County of Orange on November 30, 1992, when he was eighteen years of age or older, and that the Defendant's prior felony offenses in Case Number C97550 were committed on three different dates against three two [*sic*] different women, and that the Defendant's prior
>
> (continued...)

6

The trial court sentenced Livingston to extended terms of twenty years each for two counts of second-degree sexual assault, and one year each for two counts of third-degree assault and second-degree unlawful imprisonment.  All terms were ordered to run consecutively for a total of forty-three years, with a mandatory minimum period of imprisonment of three years and four months without the possibility of parole as a repeat offender.

**1999 Direct Appeal**

Livingston appealed from the November 18, 1998 judgment on January 19, 1999, contending that (1) the State's opening, closing, and rebuttal arguments constituted prosecutorial misconduct, and (2) the State's cross-examination of Livingston improperly bolstered the complainant's testimony.  No sentencing challenges were raised.  On December 8, 1999, the Hawaiʻi Supreme Court affirmed the trial court's judgment.  State v. Livingston, 92 Hawaiʻi 634, 994 P.2d 566 (1999).

**2005 First HRPP Rule 40 Petition**

On October 5, 2005, in Case No. 2PR041000021, Livingston filed a motion to correct illegal sentence, arguing that his extended term of imprisonment was improper based upon Apprendi v. New Jersey, 530 U.S. 466 (2000).[9]  The Circuit Court construed the motion as a HRPP Rule 40 petition (**First Rule 40 Petition**), and on November 16, 2005, denied the same on the basis that Apprendi did not apply retroactively.  Livingston did not appeal.

---

[8](...continued)
> felony offenses against the two different women were both committed -- [Prosecutor], I see dangerous instrument. Is that reflected in the documents you have presented?
>
> [PROSECUTOR]:     Yes, your Honor.
>
> THE COURT:  To-wit: a knife or other similar sharp object. The Court notes again that the documents admitted in evidence support these findings.

[9]     In Apprendi, the United States Supreme Court held that an increase in penalty beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt.  530 U.S. at 476.

## 2017 Second HRPP Rule 40 Petition

On April 24, 2017, in Case No. 2PR171000006, Livingston, self-represented, filed the Second HRPP Rule 40 Petition in the case underlying this appeal. This second petition alleged in relevant part:

CLAIM 6.

Petitioner has been sentenced to an extended term sentence by a statute which was unconstitutional at the time of sentencing. Further, the time in which the State of Hawaii sought the extended term sentence from the unconstitutional statute in the instant case on Petition (Cr. No. 98-0181) was beyond the time allowed for by law. Petitioner's sentence is illegal and demands to be vacated and dismissed.

CLAIM 7.

Part A

Petitioner was illegally sentenced to mandatory minimum terms in case Cr. No. 98-0181. Circuit Court of the Second Circuit was not the trier of fact and could not solely determine Petitioner's sentencing enhancement whereby Petitioner's case was tried before a jury. Pursuant to the United States Constitution's protections of Due Process and Equal Protection . . . Petitioner's mandatory minimum term sentencing is illegal, as is maximum term.

Part B

Illegality exists also in that Petitioner's statutory enhancement of minimum term sentence by the non-trier of fact Hawaii Paroling Authority not only violates Hawaii Revised Statutes § 706-609; but, the above named Constitutional protections of Due Process and Equal Protection.

. . . .

CLAIM 9.

The State of Hawaii violated the Fourteenth Amendment of the United States Constitution; Article 1, § 5 of the Hawaii Constitution; Equal Protection Clause; Res Judicata; Hawaii Rules of Professional Conduct Rule 3.8; and protections against Malicious, Selective and/or Vindictive Prosecution in cases FC 98-0212 and Cr. No. 98-0181. State has committed criminal acts pertaining falsified documents of which judicial misconduct may be a part. Constitutional violations of this magnitude mandate automatic reversal of Petitioner's case and dismissal with prejudice.

CLAIM 10.

The amount of Errors - violations of statutes, violations of rules and violations of constitutional protections, whether harmless or plain occurring in

8

> cases FC 98-0212 and Cr. No. 98-0181 . . . amount to Cumulative Error. The sheer volume of error is prejudicial and mandates reversal of Petitioner's conviction.

(Original emphases omitted).

On May 31, 2018, the Circuit Court dismissed Livingston's Second HRPP Rule 40 Petition without a hearing. In its FOFs, COLs, and Order, the Circuit Court found that the extended sentencing argument in Claim 6 was raised and ruled upon previously, and thus Claim 6 could not be brought pursuant to HRPP Rule 40(a)(3). With respect to the repeat offender sentencing argument in Claim 7, the Circuit Court found that it was patently frivolous and was not a colorable claim. With respect to the jury instructions argument in Claim 9, the Circuit Court found that Livingston failed to raise the issue in the underlying criminal case, on direct appeal, or in the First HRPP Rule 40 Petition, and thus Claim 9 was waived under HRPP Rule 40(a)(3). With respect to the jury poll and cumulative error argument in Claim 10, the Circuit Court found that the alleged errors were not supported by the record, thus were patently frivolous and stated no colorable claim. Based upon the foregoing, the Circuit Court dismissed Livingston's Second HRPP Rule 40 Petition without a hearing.

Livingston timely appealed.[10]

## II. STANDARD OF REVIEW

Whether a trial court "erred in denying a Rule 40 petition without a hearing based on no showing of a colorable claim is reviewed *de novo*; thus, the right/wrong standard of review is applicable." Dan v. State, 76 Hawai'i 423, 427, 879 P.2d 528, 532 (1994).

> As a general rule, a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim. To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true. Where

---

[10] On October 30, 2019, following temporary remand from this court, the Circuit Court appointed counsel for Livingston.

9

> examination of the record of the trial court's proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing. The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

Lewi v. State, 145 Hawaiʻi 333, 345, 452 P.3d 330, 342 (2019) (quoting Dan, 76 Hawaiʻi at 427, 879 P.2d at 532).

### III. Discussion

Livingston's opening brief sets forth four points of error, which contain a combination of issues raised and dismissed in the Second HRPP Rule 40 Petition as well as entirely new issues added on appeal. Livingston was self-represented at the trial level for this petition, but has counsel on appeal. While a self-represented petitioner "should not suffer for [their] inability to articulate [] claims," they must still "alert the court to the general issue that is the basis of [the] claim[.]" Stanley v. State, 76 Hawaiʻi 446, 450, 879 P.2d 551, 555 (1994) (citation and internal brackets omitted). Even liberally construing Livingston's HRPP Rule 40 Petition under Stanley, however, the Second HRPP Rule 40 Petition did not alert the Circuit Court, and thus the Circuit Court did not consider, some of the newly raised issues in Livingston's points of error. As discussed below, some of the points of error are waived, and some are not.

**A. Claims regarding jury instructions, jury poll, and cumulative error are waived or without merit.**

Livingston contends that the Circuit Court erred in dismissing Claim 9 because the trial court's jury instructions for the sexual assault offenses were erroneous and insufficient. These arguments were not raised at trial, on direct appeal, in the First HRPP Rule 40 Petition, or in the record below of the Second HRPP Rule 40 Petition, and they are waived. See HRPP

Rule 40(a)(3);[11] Rapozo v. State, 150 Hawaiʻi 66, 86, 497 P.3d 81, 101 (2021) (citation omitted) (holding that defendant's contentions were waived because they were not raised below in the Rule 40 Petition and were raised for the first time on appeal).

Livingston contends that the Circuit Court erred in dismissing Claim 10 in the Second HRPP Rule 40 Petition because the "'cumulative weight of errors'" created an atmosphere of bias and prejudice, depriving Livingston of a fair trial; and because Livingston's trial counsel "did not request that the jury be polled[.]" The jury polling argument was not raised previously or in this record below, and it is waived. See HRPP Rule 40(a)(3); Rapozo, 150 Hawaiʻi at 86, 497 P.3d at 101. As to the cumulative error argument that Livingston was deprived of a fair trial, because Livingston's claims regarding the above trial-related errors (i.e. jury instructions and jury poll) are waived, this argument is without merit; and we do not disturb the Circuit Court's rejection of this argument in Claim 10. See Dan, 76 Hawaiʻi at 427, 879 P.2d at 532.

**B. Claims of illegal sentence are not waived.**

Under HRPP Rule 40(a)(3), relief is not available if an issue was previously ruled upon or waived. However, HRPP Rule 40(a)(3) makes an exception for a claim of "illegal sentence," which is not subject to waiver. An "illegal sentence"

---

[11] HRPP Rule 40(a)(3) provides:

(3) Inapplicability. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

(Emphases added).

may be corrected at "any time[.]" HRPP Rule 35(a).[12] In <u>Stanley v. State</u>, 148 Hawaiʻi 489, 502, 479 P.3d 107, 120 (2021), the Hawaiʻi Supreme Court explained:

> Thus, put simply, HRPP Rule 40 allows a petitioner to bring a claim of illegal sentence "[a]t any time" after final judgment, even if they failed to raise the illegal sentence claim in a previous petition; if the petitioner states a colorable claim, they are entitled to a hearing under HRPP Rule 40(f).

(citing <u>Flubacher v. State</u>, 142 Hawaiʻi 109, 114 n.7, 414 P.3d 161, 166 n.7 (2018) ("[A]ny analysis of waiver must be made in light of HRPP Rule 40(a)(3), which specifically exempts illegal sentence claims from being waived.")); <u>see also</u> <u>Rapozo</u>, 150 Hawaiʻi at 81, 83, 497 P.3d at 96, 98 ("Although Rapozo could have raised this claim in his previous seven HRPP Rule 40 petitions or other proceedings, as explained above, this is a claim of illegal sentence.").

Livingston raises a new challenge to his consecutive sentences on appeal, that the Circuit Court erred in dismissing the "due process" claim in Claim 9 because the trial court "abused its discretion in sentencing Livingston to consecutive sentences totaling 43 years . . . ."[13] Relying on <u>State v. Vellina</u>, 106 Hawaiʻi 441, 106 P.3d 364 (2005), Livingston argues

---

[12] HRPP Rule 35(a) provides:

(a) Correction of Illegal Sentence. <u>The court may correct an illegal sentence at any time</u> and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. <u>A motion made by a defendant to correct an illegal sentence more than 90 days after the sentence is imposed shall be made pursuant to Rule 40 of these rules</u>. A motion to correct a sentence that is made within the 90 day time period shall empower the court to act on such motion even though the time period has expired.

(Emphases added).

[13] This argument only appears in the argument section of the opening brief, and is not raised in the points of error section as required by HRAP Rule 28(b)(4). <u>See</u> <u>Marvin v. Pflueger</u>, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) ("Nonetheless, noncompliance with Rule 28 does not always result in dismissal of the claims, and this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible.") (citation, internal quotation marks, and brackets omitted).

that "the trial court based its sentencing decisions on unsubstantiated claims made by the DPA" and "the parole agent witness," and the trial court plainly erred in imposing the terms consecutively. The consecutive sentencing challenge was not raised below, and the Circuit Court had no opportunity to address it.

Livingston raises a new argument regarding his repeat offender sentence on appeal, that the Circuit Court erred by dismissing Claim 7 of the Second HRPP Rule 40 Petition because the trial court lacked sufficient evidence to impose a mandatory minimum sentence as a repeat offender under HRS § 706-606.5, based on the record of the sentencing hearing. Claim 7 as raised below, did not present this argument to the Circuit Court, but rather contended that the mandatory minimum term was a sentencing enhancement for the jury to determine as fact-finder. On appeal, Livingston argues that the four exhibits, Exhibit S-1 through S-4,[14] and the testimony of Livingston's parole officer were insufficient to establish that Livingston had a prior conviction to support a mandatory minimum sentence under HRS § 706-606.5. The specific challenges raised on appeal were not made below, and the Circuit Court had no opportunity to address them.

Livingston's challenge to the extended sentence based on <u>Apprendi</u> was previously raised and rejected in the First HRPP Rule 40 Petition,[15] but he raises a new argument in this

---

[14] On September 20, 2006, the State withdrew Exhibits S-1, S-2, S-3, and S-4 after filing a Request for Withdrawal of Exhibits and Receipt. The exhibits are not in the record. Livingston points out in his opening brief that the State sent a ten-page PDF copy of what the State had in its possession, however, the copy did not include the original exhibits, as there were no evidence markers.

Upon remand, the State should supplement the record with the original exhibits or copies of the original exhibits, or the Circuit Court should make findings regarding any missing exhibits relevant to the extended term sentence and attempt to reconstruct them. <u>See</u> HRAP Rule 10(e); <u>U.S. v. Novaton</u>, 271 F.3d 968, 992-93 (11th Cir. 2001) (explaining the procedure for missing exhibits under Federal Rules of Appellate Procedure 10(e)).

[15] Livingston's constitutional argument that <u>Apprendi</u> applied retroactively was previously ruled upon and rejected in the First HRPP Rule 40 proceeding (2PR041000021), and the Circuit Court correctly concluded that relief under HRPP Rule 40 was not available. <u>See</u> HRPP Rule 40(a)(3). We see
(continued...)

appeal that the Circuit Court erred in dismissing Claim 6 under the pre-Apprendi extended term sentencing framework of the Okumura/Huelsman cases.[16]

Livingston argues that, pursuant to the Okumura/Huelsman cases, "there was insufficient evidence, including lack of proof of conviction, to sentence Livingston to extended terms pursuant to HRS §§ 706-662(1) and (4)[,]" as the ordinary rules of evidence applied, and the trial court failed to enter its findings of fact and specifically state that the State's motion for extended terms sentencing was proved "beyond a reasonable doubt."  The extended sentencing argument based on Okumura/Huelsman was not raised below, and the Circuit Court had no opportunity to address it.

Because Livingston's illegal sentencing challenges described above were not raised below, we vacate and remand this matter to the Circuit Court to allow the filing of an amended petition to properly raise the challenges to Livingston's repeat offender, extended term, and consecutive sentences before the

---

[15](...continued)
no reason to disturb this ruling.  The Hawaiʻi Supreme Court affirmed Livingston's direct appeal on December 8, 1999, and the Judgment on Appeal was filed on December 30, 1999, before the issuance of the Apprendi decision on June 26, 2000.  State v. Livingston, 92 Hawaiʻi 634, 994 P.2d 566 (1999).  See Flubacher, 142 Hawaiʻi at 118, 414 P.3d at 170 (clarifying that Apprendi does not apply retroactively to cases before Apprendi was decided on June 26, 2000); State v. Gomes, 107 Hawaiʻi 308, 313-14, 113 P.3d 184, 189-90 (2005) (holding that the new rule of Apprendi did not apply retroactively on collateral review to cases where the conviction and sentence became final before Apprendi was decided).

[16]     In State v. Huelsman, 60 Haw. 71, 91, 588 P.2d 394, 407 (1978), overruled on other grounds by State v. Tafoya, 91 Hawaiʻi 261, 982 P.2d 890 (1999), noting the difficulty in determining whether the sentencing court appropriately exercised its discretion within the statutory guidelines of HRS § 706-662, the supreme court set forth the requirement that:  "the sentencing court shall state on the record its reasons for determining that commitment of the defendant for an extended term is necessary for protection of the public and shall enter into the record all findings of fact which are necessary to its decision."  The Huelsman court explained that the facts proving extended term sentencing were subject to the "ordinary rules of evidence" and had to be proved "beyond a reasonable doubt."  Id. at 77, 588 P.2d at 399. Subsequently, in State v. Okumura, 78 Hawaiʻi 383, 413-14, 894 P.2d 80, 110-11 (1995), abrogated on other grounds by State v. Cabagbag, 127 Hawaiʻi 302, 277 P.3d 1007 (2012), the supreme court applied Huelsman and held that because the circuit court "did not state on the record its reasons" and "did not enter any findings of fact," it could not determine whether the circuit court abused its discretion in concluding that an extended term sentence was necessary.

Circuit Court with the assistance of counsel.  <u>See</u> HRPP Rule 40(e) ("The court may grant leave to amend or withdraw the petition at any time" to achieve "substantial justice.").

## IV. CONCLUSION

For the foregoing reasons, we affirm in part the May 31, 2018 Findings of Fact, Conclusions of Law, and Order filed and entered by the Circuit Court of the Second Circuit, and vacate in part with respect to the specified illegal sentencing claims, and remand for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawaiʻi, January 30, 2023.


On the briefs:

Cody Minatodani
for Petitioner-Appellant.

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge