**STATE OF HAWAII**, Plaintiff–Appellee, v. **JEFFREY CARL HOGLUND**, Defendant–Appellant

NO. 13791

(TR. NO. Z99168)

JANUARY 26, 1990

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND RETIRED
JUSTICE NAKAMURA, ASSIGNED
BY REASON OF VACANCY

OPINION OF THE COURT BY HAYASHI, J.

Defendant–Appellant Jeffrey Carl Hoglund (Appellant) appeals from the judgment and sentence entered on March 10,

1989, by the District Court of the First Circuit, Honolulu Division. On November 7, 1988, Appellant was found guilty of Driving Under the Influence of Intoxicating Liquor (DUI) in violation of Hawaii Revised Statutes (HRS) § 291–4(a)(2) (1985). Based upon asserted evidence of a prior DUI conviction, Appellant was sentenced as a second–time offender pursuant to HRS § 291–4(b)(2) (1985). We affirm.

## I.
## FACTUAL BACKGROUND

The State and Appellant submitted this case on stipulated facts. Based upon these facts, the trial court found Appellant guilty as charged with respect to the offense of DUI on November 7, 1988. The trial court continued sentencing to February 2, 1989, to allow the State to present evidence for possible enhanced sentencing.

At the sentencing hearing on February 2, 1989, the State offered into evidence, without objection by Appellant, a certified copy of Appellant's traffic abstract to prove that Appellant had a prior DUI conviction within five years of the present offense. The trial court then continued sentencing to March 10, 1989, to allow Appellant to respond in writing to the State's memorandum asserting that a defendant may be sentenced as a second–time offender under HRS § 291–4(b)(2) without proof that he was represented by counsel or made a waiver thereof at the prior DUI conviction.

On March 10, 1989, after reviewing both parties' memoranda, the trial court adjudged Appellant a second–time offender and sentenced him as follows: a one–year license suspension, a $500 fine, 80 hours of community service and an alcohol dependence assessment, and treatment if necessary, at his expense. No jail time was imposed.

On March 28, 1989 Appellant filed a Motion for Correction of Sentence. The trial court subsequently denied that motion on April 7, 1989. This timely appeal followed.

II.

At issue is the sentencing of repeat DUI offenders. The DUI sentencing statute, HRS § 291–4(b) reads in pertinent part as follows:

**§ 291–4 Driving under influence of intoxicating liquor.**

. . . .

(b) A person committing the offense of driving under the influence of intoxicating liquor shall be sentenced as follows without possibility of probation or suspension of sentence:

(1) For a first offense, or any offense not preceded within a five–year period by a conviction under this section, by:

(A) A fourteen–hour minimum alcohol abuse rehabilitation program including education and counseling, or other comparable program deemed appropriate by the court; and

(B) Ninety–day prompt suspension of license with absolute prohibition from operating a motor vehicle during suspension of license, or the court may impose, in lieu of the ninety–day prompt suspension of license, a minimum thirty–day prompt suspension of license with absolute prohibition from operating a motor vehicle and, for the remainder of the ninety–day period, a restriction on the license that allows the person to drive for limited

work–related purposes and to participate in alcoholism treatment programs; and

(C) Any one or more of the following:

    (i) Seventy–two hours of community service work; or

    (ii) Not less than forty–eight hours of imprisonment; or

    (iii) A fine of not less than $150 but not more than $1,000.

(2) For an offense which occurs within five years of a prior conviction under this section:

(A) Prompt suspension of license for a period of one year with the absolute prohibition from operating a motor vehicle during suspension of license;

(B) Either one of the following:

    (i) Not less than eighty hours of community service work; or

    (ii) Not less than forty–eight consecutive hours of imprisonment; and

(C) A fine of not less than $500 but not more than $1,000.

Seeking to vacate his sentence on appeal, Appellant contends that the trial court erred in sentencing him as a second–time DUI offender because the State did not prove beyond a reasonable doubt: 1) that Appellant had a prior conviction where the State's evidence consisted of a certified copy of a traffic abstract; and 2) that Appellant had been represented by counsel or had voluntarily and intelligently waived counsel at his alleged prior DUI conviction.

Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal. *State v. Cummings*, 49 Haw. 522, 423 P.2d 438 (1967). Appellant raises the issue of the adequacy of the traffic abstract to prove his prior

conviction for the first time on appeal. As the trial court did not consider and rule upon this issue, we decline to consider it on appeal.

The sole issue we address, therefore, is whether the trial court erred in sentencing Appellant as a second–time offender where the State's evidence did not show whether or not Appellant had been represented by counsel or had voluntarily and intelligently waived that right at the prior asserted DUI conviction. Appellant contends that his right to counsel and due process require that such a showing be made. We disagree.

The United States Supreme Court in *Gideon v. Wainwright*, 372 U.S. 335 (1963), interpreted the right to counsel under the Sixth Amendment, applicable to the states through the Fourteenth Amendment, to include the right of an indigent charged with a felony to have counsel provided. The Court further extended that right in *Argersinger v. Hamlin*, 407 U.S. 25 (1972), by recognizing the right to appointed counsel in a misdemeanor case where the defendant was sentenced to imprisonment. *Argersinger*, however, specifically left open the question of whether that right to counsel extended to all misdemeanor cases having imprisonment as an authorized penalty or to only those cases in which imprisonment was actually imposed.

Presented this issue in *Scott v. Illinois*, 440 U.S. 367 (1979), the United States Supreme Court held that "the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." 440 U.S. at 373–74. The Court chose actual imprisonment, therefore, as the line delimiting the constitutional right to appointment of counsel. 440 U.S. at 373.

In *Baldasar v. Illinois*, 446 U.S. 222 (1980), the United States Supreme Court limited the use of an uncounseled conviction with respect to enhanced sentencing. The Court there held that although

an "uncounseled misdemeanor conviction is constitutionally valid if the offender is not incarcerated," 446 U.S. at 222, it is not valid for all purposes; specifically, it cannot be used collaterally to impose an ***increased term of imprisonment*** upon a subsequent conviction pursuant to a repeat offender statute because it is not sufficiently reliable to support the severe sanction of imprisonment.

Under ***Scott***, Appellant's first allegedly uncounseled conviction was valid to convict Appellant in his first DUI offense because the record reflects that no imprisonment was imposed. Because ***Baldasar*** only prohibits the use of an uncounseled conviction to impose an enhanced sentence where an increased term of imprisonment results, and as no increased term of imprisonment was imposed here for Appellant's second conviction, we find that the State was not required to show that Appellant's prior conviction was counseled.

Affirmed.

*Theodore Y. H. Chinn* (*Carrie Nakaoka*, and Public Defender *Richard W. Pollack*, on the opening brief), Deputy Public Defenders, for Defendant–Appellant.

*James M. Anderson*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.