**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000362
31-MAR-2022
07:47 AM
Dkt. 41 SO**

NO. CAAP-21-0000362

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
JORGE BAILON PASCUA LAFRADEZ,
also known as BAILON PASCUA LAFRADEZ,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-21-0000141)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant State of Hawai'i (**State**), appeals from the Findings of Fact, Conclusions of Law (**FOFs/COLs**), and Order Granting Defendant-Appellee Jorge Bailon Pascua Lafradez, also known as, Bailon Pascua Lafradez's (**Lafradez**) Motion to Suppress Evidence (**Order Granting Motion to Suppress Evidence**), filed on May 11, 2021 by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Lafradez was charged via Felony Information with Promoting a Dangerous Drug in the Second Degree. On May 3, 2021, he filed a Motion to Suppress Evidence (**Motion**), which the Circuit Court granted. The State timely appealed.

On appeal, the State contends that the Circuit Court erred in: (1) finding in FOF 6 that "Lafradez's [vehicle] was parked near the intersection of Auld Lane and Wong Lane;" (2) concluding that Lafradez's vehicle was not in violation of

---

[1] The Honorable Kevin A. Souza presided.

Revised Ordinances of Honolulu (**ROH**) § 15-14.1(a)(3)[2] and that therefore the officer did not have reasonable suspicion to approach the driver's window of the vehicle, challenging COLs 14, 18, 20, 29, and 31; and (3) suppressing all evidence of the bag of crystal methamphetamine that the officer saw from his position outside of the vehicle based on the Circuit Court's conclusions that the officer did not have a reasonable suspicion to approach the vehicle, and that the open view and plain view exceptions did not apply, challenging COLs 23, 24, 26, 28, 31, and 32.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the State's points of error as follows, and affirm.

The following evidence was adduced at the April 30, 2021 suppression hearing. On September 9, 2020, Officer Alexander Watson (**Officer Watson**) approached a blue Kia (**vehicle**) with Kia dealer plates parked on the edge of a T-intersection of Auld Lane and Wong Lane to address a parking violation. See FOFs 6, 7, 8, and 9.[3] The vehicle was not impeding traffic, and there were no signs that prohibited parking in the area. FOFs 9 and 10. Upon approach, Officer Watson observed Lafradez and other occupants through an open driver's seat window with no medical grade face coverings. See FOFs 7, 8, and 14. While standing outside of the vehicle, Officer Watson observed a clear transparent "baggy" (**baggy**) between Lafradez's legs, which he

---

[2] ROH § 15-14.1(a)(3)(Honolulu Supp. No. 30, 9-2017) states in pertinent part:

> **Sec. 15-14.1 Stopping, standing or parking prohibited in specified places—No signs required.** (a) No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the law or the directions of a police officer or traffic control device, in any of the following places:
>
> . . . .
>
> (3) Within an intersection, along the edges or curbsides around corners and in channelized areas of any two intersecting streets . . . .

[3] "It is well-established that . . . unchallenged findings of fact are binding upon appellate courts." State v. Rodrigues, 145 Hawaiʻi 487, 497, 454 P.3d 428, 438 (2019) (citations omitted).

recognized to be crystal methamphetamine. FOFs 17 and 19. At the conclusion of the hearing, Lafradez argued that there was no parking violation under ROH § 15-14.1(a)(3), and thus no reasonable suspicion to validate Officer Watson's approach of the vehicle to be able to observe the baggy in open or plain view. The State argued that the Motion should be denied, because the open view exception to the warrant requirement applied, and that reasonable suspicion was not needed to justify the stop. Further, the State argued that even if this was not an open view case, there was nevertheless a parking violation and sufficient articulable facts establishing reasonable suspicion for Officer Watson to approach the vehicle and observe the baggy in plain view.

(1) The State's contention that the Circuit Court erred in FOF 6 that Lafradez's vehicle was parked "near," rather than "within" the intersection, is without merit. FOF 6 states:

> 6. Both officers encountered [the vehicle] with 'Aloha Kia' plates, which was parked <u>near</u> the intersection of Auld Lane and Wong Lane.

(Emphasis added). The State argues that FOF 6 is clearly erroneous because Officer Watson testified that the vehicle was "parked <u>within</u> the intersection[.]"[4] (Emphasis added).

---

[4] Officer Watson testified that while on duty in his unmarked police vehicle on September 9, 2020 at approximately 11:40 p.m., he came upon the vehicle as follows:

> Q [By State] And when you're in that area, did you at some point stop your vehicle?
>
> A [By Officer Watson] Yes.
>
> Q And why did -- did you stop your vehicle?
>
> A It's a blue Kia Sedona with Aloha Kia plates parked <u>within the intersection</u> of I believe it was Auld and Wong. So I stopped my vehicle to address that parking violation.
>
> . . . .
>
> Q So in this T-intersection, can you describe where the Kia Sedona vehicle was located in that T.
>
> A So the vehicle was parked on Auld Lane on the south or makai bound side of the road <u>within</u> the I guess you would say prolongations of Wong Lane or <u>what I would define as the intersection, T-intersection, of Auld and</u>

(continued...)

3

We review findings of fact under the clearly erroneous standard of review. State v. Lawson, 103 Hawaiʻi 11, 19, 78 P.3d 1159, 1167 (App. 2003) (citation omitted). A finding of fact is clearly erroneous when: "(1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made." Id.

Here, while the Circuit Court found that Officer Watson was credible (FOF 1), Lafradez's Motion contested the factual basis for the investigative stop and challenged whether any parking violation had occurred. In COL 14 and in its oral ruling, the Circuit Court explained that it had to independently determine whether there was, or appeared to be, a parking violation, rather than simply accepting the officer's claim of such violation. In COL 14, the Circuit Court stated that it "does not take Officer Watson at his word that there was a traffic violation, when the vehicle was blocking the intersection." In its oral ruling at the conclusion of the hearing, the Circuit Court explained that under the law, it had to determine whether Officer Watson's investigative stop was valid under Terry v. Ohio, 392 U.S. 1 (1968):[5]

> And so that's the standard here -- is not just to simply take Officer Watson at his word that there was a traffic violation, namely, that the Kia Sedona was blocking the intersection, which is what he alleged the traffic violation was, but for the Court to look at all of the evidence submitted and to determine whether there were specific and articulable facts that a reasonable person would be warranted in believing that criminal activity was afoot.
>
> So in doing so, the Court doesn't only look at Officer Watson's testimony. I look at all the evidence that was submitted by the defense in this particular

---

[4](...continued)
Wong.

(Emphases added).

[5]     In Terry, the United States Supreme Court recognized "that a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." Terry, 392 U.S. at 22.

> case. I also look as a matter of law, as [Defense Counsel] has correctly pointed out, to Revised Ordinances of Honolulu Section 15-14.1(a)(3), which the Court will adopt as part of its findings of fact in this particular case.
>
> . . . .
>
> . . . I look at Exhibits E –- or D, E, F, G, and H, it's clear to this Court that indeed, as Officer Watson testified, the Kia Sedona was parked alongside the curb, not blocking the intersection, it was not parked on any of the corners, and there were no specific prohibitions or signs indicating there were prohibitions for the vehicle to be parked in that particular area.
>
> And so in looking at the test to determine whether from the facts measured against an objective standard, did Officer Watson have a reason to believe that criminal activity was afoot such that the action he took was appropriate, in light of Revised Ordinances Section 15-14.1(a)(3) and the testimony and the evidence submitted to the Court, the Court will find that Officer Watson did not have reasonable suspicion or probable cause to approach the vehicle to investigate a parking violation on September 9, 2020, at 11:40 p.m.

The Circuit Court found in unchallenged COL 16, which is actually an FOF, that "the vehicle was not parked in the middle of the intersection, but rather parked near or along the curb on Auld Lane," and was "not impeding traffic, and it was not on the corners of the T-intersection." COL 16. In unchallenged COL 17, which is also an FOF, the Circuit Court found: "There were no red markings or any 'No Parking' signs or other signs where the vehicle was parked."

At a motion to suppress hearing, "[t]he trial court, as the finder of fact, may draw reasonable and legitimate inferences and deductions from the evidence," and it is the province of the trial court "to assess the credibility of witnesses . . . and it may accept or reject such testimony in whole or in part." State v. Kaleohano, 99 Hawaiʻi 370, 376, 56 P.3d 138, 144 (2002) (citation and internal quotation marks omitted). "Appellate courts defer to the judge or jury as fact finder unless no substantial evidence existed for their finding because the fact finder is uniquely qualified to evaluate the credibility of witnesses and to weigh the evidence." Wilton v. State, 116 Hawaiʻi 106, 119, 170 P.3d 357, 370 (2007) (citation omitted).

Here, the Circuit Court's factual finding, that Lafradez's vehicle was "near" the intersection and not "within"

it, was supported by COLs 16, 17, and Officer Watson's testimony.[6] The Circuit Court, as the fact finder, had the prerogative to reject Officer Watson's testimony in part, even while finding him credible. See Kaleohano, 99 Hawaiʻi at 376, 56 P.3d at 144. The Circuit Court weighed and considered all of the evidence, assessed credibility, and drew reasonable and legitimate inferences and deductions to arrive at its factual finding that the vehicle was "near" the intersection and not "within" it. See id.; Wilton, 116 Hawaiʻi at 119, 170 P.3d at 370. The record reflects that FOF 6 was supported by substantial evidence and was not clearly erroneous. See Wilton, 116 Hawaiʻi at 119, 170 P.3d at 370; Lawson, 103 Hawaiʻi at 19, 78 P.3d at 1167.

(2) The State contends that the Circuit Court erred by concluding in COLs 14 and 18[7] that Lafradez's vehicle was not in violation of ROH § 15-14.1(a)(3), and also erred in COLs 18, 20,

---

[6] In its oral ruling, the Circuit Court referenced Officer Watson's responses to defense counsel's cross-examination, as follows:

> Court will note that [Defense Counsel] specifically asked Officer Watson, Was the vehicle parked in the middle of the intersection? He said no. The vehicle was parked along -- was parked near or along the curb on Auld Lane facing south.

> [Defense Counsel] asked, Was it impeding traffic? Officer Watson said, No, it was not impeding traffic. [Defense Counsel] asked, Was it parked on the corners of the T-intersection? Officer Watson said no. [Defense Counsel] asked, Were there any red markings or any no-parking signs where the vehicle was parked? Officer Watson said no.

[7] COLs 14 and 18 stated:

> 14. Therefore, the Court does not take Officer Watson at his word that there was a traffic violation, when the vehicle was blocking the intersection.

> . . . .

> 18. Based upon the testimony of Officer Watson and the evidence submitted, the Court finds that Officer Watson did not have reasonable suspicion or probable cause to approach the vehicle to investigate a parking violation on September 9, 2020 at 11:40 p.m.

29, and 31,[8] that Officer Watson did not have reasonable suspicion to approach the vehicle.  This contention is without merit.

A trial court's conclusions of law are freely reviewable on appeal under the "right/wrong" standard of review. Kaleohano, 99 Hawai‘i at 375, 56 P.3d at 143.  A COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent on the facts and circumstances of each individual case. State v. Rapozo, 123 Hawai‘i 329, 336, 235 P.3d 325, 332 (2010) (citation omitted).

As to COL 14, where the Circuit Court concluded that it "does not take Officer Watson at his word that there was a traffic violation," the Circuit Court correctly acknowledged its duty as the fact finder as to this disputed fact.  See discussion supra.  The State does not present any argument to the contrary.

As to COL 18, which contained the conclusion that Officer Watson did not have reasonable suspicion or probable cause to investigate a parking violation, the State argues the Circuit Court was wrong, based on Hawaii Revised Statutes (**HRS**) §§ 291C-1 (defining "intersection"), 291C-111 (parking prohibitions in a T-shaped intersection) and a diagram in its Opening Brief -- which the State claims all show that ROH § 15-

---

[8]     COLs 20, 29 and 31 stated:

> 20.    Defendant was unlawfully seized within the meaning of the Fourth Amendment at the time Officer Watson approached him and looked into the vehicle.
>
> . . . .
>
> 29.    The Court finds that Officer Watson had no reasonable suspicion or probable cause to approach the vehicle to investigate the traffic infraction based on the Court's analysis of the Revised Ordinances of Honolulu. Therefore, the totality of the evidence indicates that there was no reasonable suspicion or probable cause to investigate the traffic violation.
>
> . . . .
>
> 31.    In the instant case, but for Officer Watson approaching and seizing Defendant without probable cause or reasonable suspicion, the resulting contraband would not have been discovered.

14.1(d)(3) prohibits parking anywhere within the "I" areas marked on the diagram.[9]  The State argues that "the testimony of Officer Watson and the photographs introduced into evidence by Lafradez show that Lafradez was parked along the curb 'within' the top part of the T-intersection as illustrated by the area marked 'I' in the diagram."  These arguments supra, citing to HRS §§ 291C-1, 291C-111(a) and utilizing a diagram, were not made below. Instead, at the hearing and in its Memorandum in Opposition to the motion, the State argued that the "open view" or, alternatively, "plain view" exceptions applied to the seizure of Lafradez because there was sufficient evidence to prove reasonable suspicion for Officer Watson to approach the vehicle. We do not consider the State's newly raised arguments relying on HRS Chapter 291C statutes and on a diagram that is not part of the record on appeal.  See State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]"); State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) ("Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal.") (citation omitted).

COL 18's conclusion that there was no reasonable suspicion or probable cause for Officer Watson to approach and investigate the vehicle, is a mixed question of fact and law that is supported by the Circuit Court's findings that include FOF 6 and COLs 16 and 17, discussed supra, and is not clearly erroneous.  See Rapozo, 123 Hawai'i at 336, 235 P.3d at 332. COLs 20, 29, and 31 all explain and apply the Circuit Court's conclusion that Lafradez was unlawfully seized because there was no reasonable suspicion or probable cause to investigate a traffic infraction, and that the contraband was discovered because of the unlawful seizure.  These COLs logically follow from COL 18 and are not wrong.  Nor does the State present

---

[9]     A diagram of the intersection appears on page 10, in the Argument section of the Opening Brief.  This diagram does not contain any record references as required by Hawai'i Rules of Appellate Procedure Rule 28(b)(7), and does not appear to be a part of the record.  The State did not refer to or introduce this diagram into evidence at the suppression hearing.

specific argument as to why these particular COLs are wrong. Therefore, the Circuit Court's conclusions that based on the evidence presented, there was no violation of ROH § 15-14.1(a)(3), and thus no reasonable suspicion justifying the seizure, were not wrong. See Kaleohano, 99 Hawaiʻi at 375, 56 P.3d at 143.

(3) The State's final contention is that "[b]ecause Officer Watson had a reasonable suspicion to approach the [vehicle]," the Circuit Court erred in concluding in COLs 23, 24, 26, 28, 31 and 32,[10] that the "open view or plain view exceptions did not apply,"[11] and the Circuit Court "erred in suppressing all

_____

[10] These COLs stated:

23. The Court finds that the open view exception does not apply to the instant case as the officers were not simply passersby on the sidewalk inadvertently observing contraband.

24. But for Officer Watson approaching and standing outside of the driver's window on Auld Road, the area where he observed the baggy was not something that was knowingly exposed to the public.

. . . .

26. Therefore, the open view exception does not apply.

. . . .

28. The plain view exception does not apply to the instant case.

. . . .

31. In the instant case, but for Officer Watson approaching and seizing Defendant without probable cause or reasonable suspicion, the resulting contraband would not have been discovered.

32. Therefore, as no exceptions apply and Defendant was seized without a warrant, the Court will order suppression of the use of evidence at trial that comes to light as a result of the exploitation of a previous illegal act of the police. See State v. Tominiko, 126 Haw. 68, 266 P.3d 1122 (2011). Evidence of the baggy, containing 4.091 grams of methamphetamine, and any other items sought to be suppressed by the Defendant is suppressed.

[11] For the "open view" exception to apply, the officer's observation must take place "from a non-intrusive vantage point." State v. Meyer, 78 Haw. 308, 313, 893 P.2d 159, 164 (1995) (citing State v. Kaaheena, 59 Haw. 23, 29, 575 P.2d 462, 467 (1978)). Here, Officer Watson's observation did not occur from a non-intrusive vantage point because the observation occurred after

(continued...)

evidence" of the baggy. The arguments supporting the State's final contention of error are premised on the State's repeated contention that Officer Watson had reasonable suspicion and the seizure was justified –- a contention that we have already rejected <u>supra</u>. Because the State's challenges to COLs 23, 24, 26, 28, 31 and 32 are all based on this rejected premise, they are also without merit.

For the foregoing reasons, the Findings of Fact, Conclusions of Law, and Order Granting Defendant-Appellee Jorge Bailon Pascua Lafradez's Motion to Suppress Evidence, filed on May 11, 2021 by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, March 31, 2022.

On the briefs:

/s/ Keith K. Hiraoka
Associate Judge

Brian R. Vincent
Deputy Prosecuting Attorney
for Plaintiff-Appellant

/s/ Clyde J. Wadsworth
Associate Judge

Taryn R. Tomasa
Deputy Public Defender
for Defendant-Appellee

/s/ Karen T. Nakasone
Associate Judge

---

[11](...continued)
Lafradez had already been illegally seized; thus, the Circuit Court correctly concluded that the "open view" exception did not apply in COLs 23, 24 and 26. <u>See</u> <u>Kaleohano</u>, 99 Hawaiʻi at 375, 56 P.3d at 143. For the "plain view" exception to apply, the officer's plain view observation must occur after an intrusion and the intrusion must be justified. <u>Meyer</u>, 78 Haw. at 314-15, 893 P.2d at 165-66 (citation omitted). Here, Officer Watson's observation did not occur after an intrusion that was justified, but rather occurred during an unlawful seizure; thus, the Circuit Court correctly concluded that the "plain view" exception did not apply in COL 28. <u>See</u> <u>Kaleohano</u>, 99 Hawaiʻi at 375, 56 P.3d at 143.