**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000371
09-JUN-2022
07:56 AM
Dkt. 48 SO**

NO. CAAP-20-0000371

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI

JOSIAH OKUDARA, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NOS. 2PC141000359; 2PR191000010)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Petitioner-Appellant Josiah Okudara (**Okudara**), self-represented, appeals from the April 21, 2020 "Findings of Fact, Conclusions of Law, and Order Denying Petition for Correction of Illegal Sentence, Correction of Pre-Sentence Credit and Setting of Minimum Sentence Term" (**Order**), filed by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

On appeal, Okudara raises a single point of error: whether the requirement that the Hawaiʻi Paroling Authority (**HPA**) "set forth a written justification or explanation (beyond simply an enumeration of any or all of the broad criteria considered) when it determines that the minimum term of imprisonment for the felony offender is to be set at a Level II or Level III punishment," declared in Lewi v. State, 145 Hawaiʻi 333, 348-49, 452 P.3d 330, 345-46 (2019), retroactively applies to him, thus

---

[1] The Honorable Richard T. Bissen, Jr. presided.

requiring the HPA to re-issue a minimum term in accordance with <u>Lewi</u>.[2] [3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Okudara's point of error as follows, and affirm.

"[W]e review the circuit court's conclusions of law *de novo* and findings of fact for clear error." <u>Coulter v. State</u>, 116 Hawaiʻi 181, 184, 172 P.3d 493, 496 (2007) (citation omitted).

During the pendency of Okudara's underlying Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 petition, the Hawaiʻi Supreme Court issued <u>Lewi</u>, which *inter alia*, requires the HPA to include "written justification or explanation" in its minimum term orders that designate offenders at a Level II or III punishment. <u>Lewi</u>, 145 Hawaiʻi at 348-49, 452 P.3d at 345-46.

In his HRPP Rule 40 petition, Okudara did not take issue with the HPA's explanation of his minimum term; as such, the Circuit Court did not address the issue. Additionally, while the petition was pending before the Circuit Court, Okudara did not file an amended petition to argue that <u>Lewi</u> applied to his minimum term order; as such, the Circuit Court did not address the issue. And, Okudara did not seek reconsideration of the Order to argue for <u>Lewi</u>'s applicability; as such, the Circuit Court did not address the issue. Thus, we decline to consider

---

[2]    Okudara's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). However, to promote access to justice, documents filed by self-represented litigants should be interpreted liberally, and self-represented litigants should not automatically be foreclosed from appellate review because they fail to comply with court rules. <u>Erum v. Llego</u>, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). Accordingly, we address what we discern to be Okudara's argument.

[3]    Okudara also claims that "the HPA issued Appellant's minimum term in violation of the United States Supreme Court's ruling in <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013)." We disregard this statement because Okudara's opening brief presents no discernible argument on it. <u>See Kahoʻohanohano v. Dep't of Hum. Servs., State of Haw.</u>, 117 Hawaiʻi 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008) (stating that supreme court will "disregard a particular contention if the appellant makes no discernible argument in support of that position"); <u>see also</u> HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

<u>Lewi</u>'s applicability for the first time on appeal.  <u>State v. Hoglund</u>, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) (citation omitted) ("Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal.").

If Okudara believes an issue with his minimum term order remains, he may file another HRPP Rule 40 petition addressing the same, including, without limitation, the application of <u>Lewi</u>.[4]

For the foregoing reasons, the April 21, 2020 "Findings of Fact, Conclusions of Law, and Order Denying Petition for Correction of Illegal Sentence, Correction of Pre-Sentence Credit and Setting of Minimum Sentence Term," filed by the Circuit Court of the Second Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 9, 2022.

On the briefs:

Josiah Okudara
Self-represented
Petitioner-Appellant

Lisa M. Itomura
Deputy Attorney General
for Respondent-Appellee

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[4]     We express no opinion on the merits of such a petition, in the event it is filed.

3