**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000267**
**24-FEB-2023**
**11:49 AM**
**Dkt. 66 SO**

NO. CAAP-20-0000267

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE PETITION OF HANNAH HARRISON,
Appellant-Petitioner/Appellant,
v.
GORDON I. ITO, INSURANCE COMMISSIONER, DEPARTMENT
OF COMMERCE AND CONSUMER AFFAIRS, STATE OF HAWAIʻI,[1]
Appellee/Appellee,
and
EVERCARE, Appellee-Respondent/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC191001415)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Nakasone, and McCullen, JJ.)

In this joint appeal, Petitioners-Appellants Hannah Harrison (**Harrison**) and Hannah Metsch (**Metsch**) (collectively, **Appellants**) appeal from the March 3, 2020 "Order Affirming Insurance Commissioners' Orders filed August 8, 2019"(**Order Affirming Commissioner**) and the March 17, 2020 Final Judgment

---

[1]    Pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 43(c)(1), Gordon I. Ito, the current Insurance Commissioner, Department of Commerce and Consumer Affairs, is automatically substituted as Appellee/Appellee herein in place of Colin M. Hayashida.

(**Judgment**) filed and entered by the Circuit Court of the First Circuit (**Circuit Court**).[2]

On appeal, Appellants contend that the Circuit Court erroneously affirmed the determination of Respondent-Appellee Insurance Commissioner Gordon I. Ito, Department of Commerce and Consumer Affairs, State of Hawaiʻi (**Commissioner**) that Appellants were not entitled to prejudgment interest in connection with an insurance external review involving their managed care plan, Respondent-Appellee UnitedHealthcare Insurance Company dba Evercare (**Evercare**).[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Appellants' points of error as follows, and affirm.

The underlying case arises out of external reviews under Hawaii Revised Statutes (**HRS**) § 432E-6(a) (2005) (repealed 2011),[4] requested by both Appellants in 2011, of Evercare's decision regarding changes to coverage under their managed care plan with Evercare. Following the resolution of the external reviews, Appellants filed separate motions for attorneys' fees and costs in 2011 that were denied by the Commissioner in 2013; the denials were appealed to the Circuit Court in 2013; the case was then stayed by agreement from 2013-2017; then remanded back

---

[2]     The Honorable James H. Ashford presided.

[3]     Evercare now operates as UnitedHealthcare Insurance Company, Inc.

[4]     HRS Chapter 432E, entitled the "Patients' Bill of Rights and Responsibilities Act," sets forth statutory requirements for managed care plans, and includes an external review procedure by which the enrollee may pursue a complaint against the managed care plan, in HRS § 432E-6. "'External review' means an administrative review requested by an enrollee under 432E-6 of a managed care plan's final internal determination of an enrollee's complaint." HRS § 432E-1 (2005).

The external review statute, HRS § 432E-6, was repealed by the 2011 Legislature, to comply with the federal Patient Protection and Affordable Care Act of 2010. See Haw. Med. Serv. Ass'n v. Adams, No. CAAP-10-0000011, 2013 WL 4606314, at *1 n.2 (App. Aug. 29, 2013) (SDO); 2011 Haw. Sess. Laws Act 230, § 10 at 746.

to the Commissioner by the Circuit Court in 2018,[5] at which time the Commissioner awarded Harrison $22,320.19 in attorney's fees and costs, and Metsch $17,574.60 and $12,595.13 on two motions for attorneys' fees and costs.

On August 3, 2018, Appellants filed motions for prejudgment interest (**Motions for Prejudgment Interest**), arguing that the Commissioner could award prejudgment interest pursuant to HRS § 432E-6(e)[6] and HRS § 636-16.[7]

On August 8, 2019, the Commissioner denied Appellants' Motions for Prejudgment Interest (**Orders Denying PJI**), on the grounds that neither HRS § 636-16 nor HRS § 432E-6(e) "indicate[s] express authority or an obligation for the Commissioner to make a prejudgment interest award."

Following a 2019 joint appeal to the Circuit Court, and a hearing on February 21, 2020,[8] the Circuit Court affirmed the Commissioner's Orders Denying PJI in a March 3, 2020 Order Affirming Commissioner, which concluded:

---

[5]     The Honorable Keith K. Hiraoka presiding.

[6]     The external review statute contains an attorney's fees and costs provision, HRS § 432E-6(e) (2005) (repealed 2011), that provides:

> [a]n enrollee may be allowed, at the commissioner's discretion, an award of a reasonable sum for attorney's fees and reasonable costs incurred in connection with the external review under this section, unless the commissioner in an administrative proceeding determines that the appeal was unreasonable, fraudulent, excessive, or frivolous.

[7]     HRS § 636-16 (1979) provides,

> In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.

[8]     Appellants did not request transcripts of the February 21, 2020 hearing.

3

2. Pursuant to Hawaii Revised Statutes § 432E-6(e), the Insurance Commissioner is neither expressly or impliedly authorized to award prejudgment interest on the attorney fee awards.

3. Hawaii Revised Statutes § 636-16 is inapplicable in this case. The statute applies to the award of prejudgment interest in civil court actions. The statute does not apply to proceedings before the Insurance Commissioner and the Department of Commerce and Consumer Affairs under Hawaii Revised Statutes § 432E-6(e).

Appellants raise their points of error (**POE**)[9] as follows:

II.   CONCISE STATEMENT OF THE POINTS OF ERROR

Whether the circuit court erred in affirming Commr [sic] Hayashida's orders denying the Harrison PJI Motion, Dkt #11, JIMS #4, 3-19 and the Metsch PJI Motion Dkt #11, JIMS #4 at 108-122 by:

1.   Narrowly construing Chapter 432E at odds with the express remedial purposes for its enactment to reach the result that the Insurance Commissioner is neither expressly nor impliedly authorized to award prejudgment interest on H.R.S. § 432E-6(e) attorney fee awards, Dkt #16 at 3;

2.   Failing to provide a basis for its conclusion that H.R.S. §636-16 "does not apply to proceedings before the Insurance Commissioner under . . . H.R.S. § 432E-6(e)", Dkt #16 at 3; and

3.   Failing to adhere to rules of statutory interpretation in construing the applicability of H.R.S. § 636-16 based upon its language, the common law of prejudgment interest, and the legislative history of 1979 Haw. Sess. Laws Act 78." Dkt #16 at 3.

---

[9]   Evercare argues that none of Appellants' points of error comply with HRAP Rule 28(b)(4):

Nor do any of Appellants' points of error contain references to "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency" as required by HRAP Rule 28(b)(4); all references are to "Dkt #16 at 3," which is the order appealed from.

4

HRAP Rule 28(b)(4)(iii) provides that each point "shall state . . . the manner in which the alleged error was brought to the attention of the court or agency."  This is a secondary appeal from the Circuit Court.  The record references in the POE section above reference the motions for prejudgment interest filed before the Commissioner.[10]  Each of the numbered POEs identically refers to "Dkt #16 at 3," which is the Order Affirming Commissioner that is the subject of this appeal, in accordance with HRAP Rule 28(b)(4)(i) and (ii).  However, each numbered POE contains no record reference to where each argument raised in each POE was "brought to the attention" of the Circuit Court as required by HRAP Rule 28(b)(4)(iii).

Notwithstanding the deficiencies in the Appellants' opening brief, we seek to address the merits where possible.  See Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001).  With regard to POE 1, based on a plain reading of HRS § 432E-6(e), we conclude the Circuit Court was correct in affirming the Commissioner's denial of prejudgment interest because such an award is not authorized under the statute.

Evercare argues that the specific arguments in POEs 2 and 3 regarding HRS § 636-16 are waived because they were not argued before the Circuit Court.[11]  In addition to a noncompliant points of error section, the argument section also does not contain any citations to the record for arguments Appellants purportedly made before the Circuit Court regarding their

---

[10]    The record references to "Harrison PJI Motion, Dkt #11, JIMS #4, 3-19" and "Metsch PJI Motion[,] Dkt. #11, JIMS #4 at 108-122" pertain to the prejudgment interest motions filed before the Commissioner.

[11]    Evercare argues: "Appellants failed to raise before the circuit court **any** of their arguments regarding statutory interpretation of HRS § 636-16, the common law of prejudgment interest, or the legislative history of 1979 Haw. Sess. Laws Act 78."  Appellants did not file a Reply Brief to Evercare's Answering Brief.

5

entitlement to prejudgment interest.[12]  See HRAP Rule 28(b)(7) (requiring that argument on the points presented contain citations to the "parts of the record relied on."); State v. Hoglund, 71 Haw. 147, 150-51, 785 P.2d 1311, 1313 (1990) (citation omitted) ("Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal.").

"[A]ppellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error."  Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (quoting Union Building Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984)). The Appellants' POEs challenge various aspects of the Circuit Court's reasoning in arriving at its conclusions, yet provide no transcript of the hearing before the Circuit Court.  See HRAP Rule 10(b)(1)(A) (requiring transcripts for "any point on appeal that requires consideration of the oral proceedings before the court appealed from . . . .").  "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript."  Bettencourt, 80 Hawaiʻi at 230, 909 P.2d at 558. Without a transcript there is no basis upon which to review the alleged errors in the Circuit Court's reasoning in arriving at its conclusion.

An appellate court is not "obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions[.]"  Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) (citations and internal quotation marks omitted).  Thus, as to POEs 2 and 3, we conclude they are waived, and alternatively, Appellants have

---

[12]     The argument section contains a single record reference to "Dkt #11, JIMS #4 at 71, 190," which are the Commissioner's 2013 orders denying attorneys' fees and costs for Appellants.  This reference is to the record before the Commissioner, not the appeal to the Circuit Court.

6

failed to demonstrate error. <u>See</u> HRAP Rule 28(b)(4) and (b)(7); 10(b)(1)(A); <u>Bettencourt</u>, 80 Hawai'i at 230, 909 P.2d at 558; <u>Hoglund</u>, 71 Haw. at 150-51, 785 P.2d at 1313.

For the foregoing reasons, we affirm the March 3, 2020 "Order Affirming Insurance Commissioners' Orders filed August 8, 2019" and the March 17, 2020 Final Judgment filed and entered by the Circuit Court of the First Circuit.

DATED: Honolulu, Hawai'i, February 24, 2023.

On the briefs:

Rafael G. Del Castillo
(Rafael Del Castillo &
Associates) for Appellant-
Petitioner/Appellant

Dianne Winter Brookins
(Dentons US LLP) for Appellee-
Respondent/Appellee

Daniel K. Jacob
Deputy Attorney General
for Appellee/Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge