**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000757
13-JUN-2023
10:04 AM
Dkt. 37 SO

NO. CAAP-20-0000757

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
EDWIND JOSE, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-19-0001718)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellant State of Hawaiʻi (**State**) appeals from the November 18, 2020 "Findings of Fact; Conclusions of Law and Order Granting Defendant[-Appellee Edwind Jose's (**Jose**)] Motion to Dismiss For De Minimis Violation Filed November 1, 2020" (**FOFs/COLs/Order**), entered in the Circuit Court of the First Circuit (**Circuit Court**).[1/]  For the reasons explained below, we affirm.

After Jose was arrested for Criminal Trespass in the Second Degree, a pre-incarceration search revealed an item identified as a "glass pipe," from which police later recovered an aggregate 0.039 grams of a substance containing methamphetamine.  Jose was subsequently charged with Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 712-1243 (2014).[2/]

---

[1/]    The Honorable Kevin A. Souza presided.

[2/]    HRS § 712-1243 provides:

(1) A person commits the offense of promoting a

(continued...)

On November 1, 2020, Jose filed a Motion to Dismiss for De Minimis Violation (**Motion to Dismiss**), which sought dismissal of the charge pursuant to HRS § 702-236.  That section states, in relevant part:

> The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct . . .  [d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offenses or did so only to an extent too trivial to warrant the condemnation of conviction[.]"

HRS § 702-236 (2014) (formatting altered).  The State opposed the motion, arguing that Jose did not meet his burden of proving that his conduct constituted a de minimis violation because "the totality of the circumstances suggests [Jose's] conduct did in fact cause or threaten the harm sought to be prevented, i.e. narcotic drug use."

On November 18, 2020, the Circuit Court entered the FOFs/COLs/Order.  Initially, the court stated:

> The March 16, 2020 Hawaiʻi Supreme Court order authorized the court to adjudicate cases through a "non-hearing" procedure to effectuate expeditious action in light of the extraordinary circumstances presented by the COVID-19 global pandemic.  The court also has authority under Rules of the Circuit Court, Rule 8 to conduct non-hearing motions of this nature.  Accordingly, the court treats the instant matter as a non-hearing motion.

(Citation omitted.)  The court went on to grant the Motion to Dismiss, concluding in COLs 7 and 8, as follows:

> 7.  The facts of this case are strikingly similar to [State v. ]Enos[, 147 Hawaiʻi 150, 465 P.3d 597 (2020)].  [Jose] was initially issued a trespass warning for being a nuisance.  He was not violent.  He was not actively using.  The very small amount of methamphetamine that [Jose] possessed, mere milligrams, was recovered from paraphernalia, possession of which is only a violation.  Moreover, the glass pipe with residue containing 0.039 grams of methamphetamine was subsequently discovered during the pre-incarceration search.

---

2/  (...continued)
dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

(2) Promoting a dangerous drug in the third degree is a class C felony.

8.  The court has considered the nature of the conduct and the nature of the attendant circumstances, and finds, like in Enos, that [Jose's] conduct does not rise to a crime of violence, and did not actually cause or threaten the harm or evil sought to be prevented by [HRS §] 712-1243, or did so only to an extent too trivial to warrant the condemnation of conviction.

On appeal, the State contends that the Circuit Court abused its discretion by: (1) failing to hold a hearing on Jose's Motion to Dismiss; and (2) dismissing the case as a de minimis violation. Relatedly, the State challenges COLs 7 and 8, and the Circuit Court's "ultimate conclusion and order."

(1)  The State argues that the Circuit Court abused its discretion "in treating [the Motion to Dismiss] as a non-hearing motion since the proceeding required an evidentiary hearing." The State does not explain, however, why an evidentiary hearing was required in these circumstances. In support of his Motion to Dismiss, Jose filed a Declaration of Counsel containing seven numbered paragraphs of factual assertions and attaching exhibits marked "A" and "B." In opposing the Motion to Dismiss, the State filed a Declaration of Counsel stating in part: "Declarant does not dispute items 1 through 7 of the Declaration of Counsel in [the Motion to Dismiss]" and "Declarant would stipulate to the admission of Exhibits A and B, referenced in [the Motion to Dismiss]." In other words, the State did not oppose the Motion to Dismiss based on disputed facts that it claimed required an evidentiary hearing.

Indeed, on appeal, the State does not contest any of the FOFs entered by the Circuit Court, including FOF 1, which states: "The State and [Jose] do not dispute the factual allegations in this case."[3] Nor does the State cite any authority – and we have found none – that requires an evidentiary hearing in these circumstances. Accordingly, the Circuit Court did not abuse its discretion in treating the Motion to Dismiss as a non-hearing motion and resolving it without an evidentiary hearing.

---

[3]  The FOFs are thus binding on the parties and this court. See State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019).

(2) The State contends that the Circuit Court abused its discretion in dismissing the charge against Jose as a de minimis violation.  We review the dismissal of a prosecution for a de minimis violation for abuse of discretion.  State v. Pacquing, 129 Hawaiʻi 172, 179-80, 297 P.3d 188, 195-96 (2013) (citing State v. Rapozo, 123 Hawaiʻi 329, 336, 235 P.3d 325, 332 (2010)).  "A court abuses its discretion if it clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." State v. Enos, 147 Hawaiʻi 150, 159, 465 P.3d 597, 606 (2020) (quoting Rapozo, 123 Hawaiʻi at 336, 235 P.3d at 332).

HRS § 702-236(1)(b) authorizes a court to dismiss a charge if, in light of the attendant circumstances, it finds that the defendant's conduct "[d]id not actually cause or threaten the harm or evil sought to be prevented by the law defining the offenses or did so only to an extent too trivial to warrant the condemnation of conviction[.]"  The Hawaiʻi Supreme Court has stated that "the harm sought to be prevented by [HRS § 712-1243] is 'the use of the proscribed drug or its sale or transfer for ultimate use.'"  State v. Melendez, 146 Hawaiʻi 391, 395, 463 P.3d 1048, 1052 (2020) (original brackets and some internal quotation marks omitted) (quoting State v. Hironaka, 99 Hawaiʻi 198, 209, 53 P.3d 806, 817 (2002) (quoting State v. Vance, 61 Haw. 291, 307, 602 P.2d 933, 944 (1979))).  In Enos, the court further clarified:

> Although Promotion of a Dangerous Drug in the Third Degree on its face applies explicitly to drugs in any amount, "where a literal application of HRS § 712-1243 would compel an unduly harsh conviction for possession of a microscopic trace of a dangerous drug, HRS § 702-236 . . . may be applicable to mitigate this result."  Vance, 61 Haw. at 307, 602 P.2d at 944; see also [State v. ]Fukagawa, 100 Hawaiʻi [498,] 504, 60 P.3d [899,] 905 [(2002)].  The quantity possessed of a dangerous drug is "microscopic" or "infinitesimal," Vance, 61 Haw. at 307, 602 P.2d at 944, and de minimis dismissal is warranted if the amount could not "produce a pharmacological or physiological effect." Fukagawa, 100 Hawaiʻi at 506, 60 P.3d at 907 (citing State v. Hironaka, 99 Hawaiʻi 198, 209, 53 P.3d 806, 817 (2002); State v. Balanza, 93 Hawaiʻi 279, 283-85, 1 P.3d 281, 285-87 (2000)).

Enos, 147 Hawaiʻi at 162, 465 P.3d at 609 (emphasis omitted).

The State argues that the Circuit Court abused its discretion by dismissing the charge against Jose on de minimis grounds because:

> there was no evidence presented to the court . . . with respect to whether the drugs in [Jose's] possession was [sic] saleable or useable. Under such circumstances, there was no basis upon which the circuit court could conclude whether 0.039 grams of a substance containing methamphetamine in [Jose's] possession was incapable of producing a pharmacological or physiological effect.

The State did not make this argument below in opposing the Motion to Dismiss. Rather, the State argued generally that "the totality of the circumstances suggests [Jose's] conduct did in fact cause or threaten the harm sought to be prevented . . . ." The only argument made by the State regarding the amount of methamphetamine that Jose possessed was that "[Jose] had on his person paraphernalia . . . [that] contained methamphetamine in the amount of 0.039 grams."[4] Because the State did not argue below that there was no basis to conclude that the amount of methamphetamine in Jose's possession was incapable of producing a pharmacological or physiological effect, because there was no evidence that the amount was saleable or usable, that argument is deemed waived. See State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]"); State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) ("Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal." (citing State v. Cummings, 49 Haw. 522, 423 P.2d 438 (1967))).

In any event, whether the amount possessed of a dangerous drug could (or could not) "produce a pharmacological or physiological effect" is not necessarily determinative of whether HRS § 702-236 can be properly applied in a criminal case. Enos, 147 Hawaiʻi at 162-63, 465 P.3d at 609-10. "Possession of an amount of drugs capable of producing a 'pharmacological or physiological effect' may nonetheless warrant dismissal as de

---

[4] This statement is not accurate. See infra note 5.

minimis if the amount possessed approaches 'infinitesimal' — which is to say, a very small amount — and the other attendant circumstances indicate that the defendant 'did not cause or threaten the harm or evil sought to be prevented by the law defining the offense.'" Id. at 162, 465 P.3d at 609. Here, as in Enos, the Circuit Court determined that the amount of methamphetamine possessed was "very small. . . , mere milligrams," and the other attendant circumstances supported dismissal. See id. at 163, 465 P.3d at 610. In particular, the Circuit Court found that: Jose was "initially issued a trespass warning for being a nuisance"; he "was not violent"; he "was not actively using"; the methamphetamine that he possessed "was recovered from paraphernalia, possession of which is only a violation"; and "the glass pipe with residue containing 0.039 grams of methamphetamine was subsequently discovered during the pre-incarceration search."

The State does not dispute any of the underlying facts stated in COL 7; they are not clearly erroneous. The State merely notes "the dissimilarity in the amount of methamphetamine recovered on [Jose] and defendant Enos, that is 0.039 grams and .005 grams, respectively[,]" and asserts that "[Jose] possessed nearly eight times the amount of methamphetamine than defendant Enos[.]" In making this assertion, however, the State ignores the fact — which it also does not dispute — that the recovered residue in this case was determined to be "a substance containing methamphetamine with a net weight of 0.039 grams." (Footnote omitted; emphasis added.) Given that the purity of the recovered substance is unknown,[5/] the State's argument lacks an evidentiary basis. Cf. Enos, 147 Hawaiʻi at 163-64, 465 P.3d at 610-11 (considering the attendant circumstance that "Enos was found with mere milligrams of residue of unknown purity, which was recovered from two pieces of paraphernalia . . . ."). The Circuit Court did not err in concluding in COL 7 that the relevant facts of

_____

[5/] The Circuit Court specifically found in FOF 7, note 3 (which the State does not contest): "No further analysis was conducted to determine how much of the substance analyzed by [the Honolulu Police Department criminalist] was in fact methamphetamine. Therefore, it is not known how much of the 0.039 grams of substance is actually methamphetamine."

this case are similar to those in <u>Enos</u>.

Considering "the nature of the conduct alleged and the nature of the attendant circumstances," including "the very small amount" of substance containing methamphetamine found, it was not an abuse of discretion for the Circuit Court to conclude that Jose's conduct "[d]id not actually cause or threaten the harm or evil sought to be prevented by [HRS § 712-243,] or did so only to an extent too trivial to warrant the condemnation of conviction[.]"  Accordingly, COL 8 is not wrong, and the Circuit Court did not abuse its discretion in dismissing the charge against Jose, pursuant to HRS § 702-236.

For the reasons discussed above, we affirm the November 18, 2020 "Findings of Fact; Conclusions of Law and Order Granting Defendant's Motion to Dismiss For De Minimis Violation Filed November 1, 2020," entered in the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, June 13, 2023.


On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellant.

William H. Jameson,
Deputy Public Defender,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge