**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000126
18-AUG-2025
08:01 AM
Dkt. 63 SO**

NO. CAAP-23-0000126

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
DEKLA HELGENBERGER, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-22-0000711(2))

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Dekla **Helgenberger** appeals from

the Circuit Court of the Second Circuit's February 22, 2023

order denying her motion to dismiss.[1]  On appeal, Helgenberger

challenges Hawaiʻi Revised Statutes (**HRS**) § 291E-61.5 (2007 &

Supp. 2019), habitually operating a vehicle under the influence

---

[1]  The Honorable Peter T. Cahill presided.

of an intoxicant (**HOVUII**), as unconstitutional on its face and as applied.[2]  We affirm.

Plaintiff-Appellee State of Hawaiʻi charged Helgenberger with, inter alia, HOVUII for driving under the influence on September 19, 2019, while having been convicted of two prior offenses of operating a vehicle under the influence of an intoxicant (**OVUII**) within ten years.  One of the two prior convictions occurred in 2016.

Helgenberger moved to dismiss the HOVUII charge, arguing that the HOVUII offense was unconstitutional on its face because it violated double jeopardy.  Helgenberger also argued the HOVUII offense was unconstitutional as applied, because it violated due process as the July 29, 2016 conviction no longer existed.

The circuit court denied the motion, concluding that HOVUII was "not unconstitutional on its face and as applied in violation of the double jeopardy and due process clauses . . . ."  Helgenberger filed this interlocutory appeal.

---

[2]  Helgenberger also contends the HOVUII offense is cruel and unusual punishment, violates the equal protection clause, fails to identify a mens rea, fails to provide a meaningful opportunity to challenge the prior convictions, and prevents her from presenting a complete defense. Helgenberger fails to cite where in the record these contentions were raised to the circuit court.  Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) (requiring citation to where in the record the alleged error was brought to the trial court's attention and providing that points not in compliance will be disregarded).  Nor did Helgenberger's motion to dismiss raise these contentions.  See State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) (applying waiver on appeal for failure to raise issue before trial court).  We consider these contentions waived.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

**(1)** Helgenberger first contends the HOVUII offense is unconstitutional on its face as it "violates due process because the third protection of double jeopardy has been violated." Helgenberger argues the HOVUII offense prosecutes and punishes "a third-time OVUII offender with the very same two, predicate OVUII convictions."

"[W]here it is alleged that the legislature has acted unconstitutionally, this court has consistently held that every enactment of the legislature is presumptively constitutional, and a party challenging the statute has the burden of showing unconstitutionality beyond a reasonable doubt.  The infraction should be plain, clear, manifest, and unmistakable."  State v. Alangcas, 134 Hawaiʻi 515, 524, 345 P.3d 181, 190 (2015) (citation omitted).

The double jeopardy clause of the Hawaiʻi Constitution provides no person shall "be subject for the same offense to be twice put in jeopardy[.]"  Haw. Const. art. I, § 10.  Similarly, the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]"  U.S. Const. amend. V.  Double jeopardy "protects

against a second prosecution for the same offense after acquittal" or conviction, and "it protects against multiple punishments for the same offense." State v. Lessary, 75 Haw. 446, 454, 856 P.2d 150, 154 (1994) (citation and internal quotation marks omitted).

Turning to HOVUII, "[a] person commits the offense of [HOVUII] if . . . (1) [t]he person is a habitual operator of a vehicle while under the influence of an intoxicant; and (2) [t]he person operates or assumes actual physical control of a vehicle" while under the influence of alcohol or drugs. HRS § 291E-61.5(a)(1)-(2) (2007) (formatting altered) (emphasis added).

"Habitual operator of a vehicle while under the influence of an intoxicant" means, in part, that a person "[w]as convicted two or more times for offenses of operating a vehicle under the influence[.]" HRS § 291E-61.5(b)(3) (Supp. 2019) (formatting altered) (emphasis added).

"'Convicted two or more times for offenses of operating a vehicle under the influence' means that, at the time of the behavior for which the person is charged under" HOVUII, "the person had two or more times within ten years of the instant offense . . . [a] judgment on a verdict or a finding of guilty . . . for a violation of . . . section 291E-61 . . . ." HRS § 291E-61.5(b)(1)(A) (Supp. 2019).

Under the HOVUII offense, the prior convictions establish the status of the defendant at the time the charged offense was committed. These prior convictions are elements of HOVUII that must be pled and proven. State v. Ruggiero, 114 Hawaiʻi 227, 237-38, 160 P.3d 703, 713-14 (2007).

But the conduct underlying the prior convictions is not being relitigated. In other words, a person charged with HOVUII is not being prosecuted or punished again for the conduct on which those prior convictions were based. As such, there is no double jeopardy violation.

Thus, the circuit court did not abuse its discretion in denying the motion to dismiss. See State v. Borge, 152 Hawaiʻi 458, 464, 526 P.3d 435, 441 (2023) ("A motion to dismiss an indictment is . . . reviewed for an abuse of discretion." (citation and internal quotation marks omitted)).

**(2)** Helgenberger next argues HOVUII is unconstitutional as applied to her as she "presently lacks the requisite number of predicate OVUII convictions within the last 10 years because her 2016 OVUII conviction in Case ID. 2DTA-16-00684 was vacated and set aside on March 17, 2021 . . . ."

The legislature made clear that there must be a judgment of guilty at the time of the alleged HOVUII offense. Again, "'[c]onvicted two or more times for offenses of operating a vehicle under the influence' means that, at the time of the

5

behavior for which the person is charged under" HOVUII, "the person had two or more times within ten years of the instant offense . . . [a] judgment on a verdict or a finding of guilty . . . for a violation of . . . section 291E-61" that, "at the time of the instant offense, had not been expunged by pardon, reversed, or set aside."  HRS § 291E-61.5(b)(1) (Supp. 2019) (emphases added).

The legislature also made clear that any conviction set aside prior to committing the charged offense cannot be deemed a prior conviction for HOVUII.  HRS § 291E-61.5(b)(1) (Supp. 2019) provides that "[a]ll convictions that have been expunged by pardon, reversed, or set aside before the instant offense shall not be deemed prior convictions for the purposes of proving that the person is a habitual operator of a vehicle while under the influence of an intoxicant."  (Emphasis added.)

Here, the conduct underlying Helgenberger's HOVUII charge in this case occurred "on or about the 19th day of September, 2019[.]"  According to Helgenberger's motion to dismiss, her 2016 OVUII conviction was set aside on March 17, 2021, roughly eighteen months after the conduct underlying the HOVUII charge occurred.

As such, Helgenberger's 2016 conviction existed at the time the alleged HOVUII offense was committed.  See Ruggiero, 114 Hawaiʻi at 233-34, 160 P.3d at 709-10 ("Conviction of or

6

imposition of sentence for a 'status' offense, in which one element of the offense is the status of the defendant *at the time of the alleged violation*, does not require that the conviction *continue* to be valid at the time of sentencing."); State v. Winham, 144 Hawaiʻi 154, 438 P.3d 286, No. CAAP-17-0000351, 2019 WL 1487084, at *5 (App. May 7, 2019) (SDO) ("The legislature was concerned that drivers could defeat a charge of habitually driving under the influence, or reduce any enhanced sentencing, by having a previous conviction reversed on a later appeal.").

Thus, the circuit court did not abuse its discretion in denying the motion to dismiss.

Based on the foregoing, we affirm the circuit court's February 22, 2023 order denying Helgenberger's motion to dismiss.

DATED:  Honolulu, Hawaiʻi, August 18, 2025.

On the briefs:

Hayden Aluli,
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge